[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12452

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEION R. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00064-SDM-MRM-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Deion Brown appeals his 188-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(e). Over Brown's and the government's objections at sentencing, the district court enhanced Brown's sentence under the Armed Career Criminal Act after ruling that his prior Florida convictions for selling and possessing cocaine in 2016 qualified as "serious drug offenses" under the Act. *Id.* § 924(e). Brown moves for summary reversal and argues that his 2016 state drug convictions are not "serious drug offenses" because he committed those offenses when the Florida drug schedules defined cocaine more broadly than the federal drug schedules by including ioflupane. The government does not oppose Brown's motion. We vacate and remand for resentencing.

Summary disposition is appropriate where, among other circumstances, time is of the essence, such as where rights delayed are rights denied, or where the result is clear as a matter of law so that there can be no substantial question as to the outcome. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review whether a prior state conviction qualifies as a "serious drug offense" under the Act *de novo*. *United States v. Conage*, 976 F.3d 1244, 1249 (11th Cir. 2020).

23-12452               Opinion of the Court                     3

At the time of Brown's federal sentencing in 2023, our precedent made clear, and the Supreme Court has since confirmed while this appeal was stayed, that his prior cocaine-related state convictions did not qualify as serious drug offenses under the Act. *See United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022) ("*Jackson II*"), *aff'd sub nom. Brown v. United States*, 144 S. Ct. 1195 (2024). The district court relied on seven Florida convictions from March 2017 for selling or possessing cocaine between August and October 2016. As we recognized in *Jackson II*, the federal definition of cocaine encompassed ioflupane only until 2015, but the Florida definition of cocaine continued to cover ioflupane until July 2017. *See* 55 F.4th at 851 & n.3; *see also* Fla. Laws ch. 2017–110. We held in *Jackson II*, more than six months before Brown's sentencing, that the definition of a "serious drug offense" under the Act "incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense." *Id.* at 849; *see also Brown*, 144 S. Ct. at 1201, 1210 (affirming *Jackson II* and holding that a prior state drug offense counts as a predicate offense "only if the State's definition of the drug in question matches the definition under federal law" at the time of that state offense) (quotation marks omitted, alteration adopted). Brown's prior state convictions for selling and possessing cocaine do not qualify as "serious drug offenses" under the Act because the federal and state drug definitions of cocaine did not categorically match at the time of the state crimes. *See Brown*, 144 S. Ct. at 1197, 1201, 1210.

Brown's position that the district court erred in enhancing his sentence from a 15-year statutory maximum to a 15-year

4                    Opinion of the Court                    23-12452

statutory *minimum* based on these prior state convictions is clearly correct as a matter of law. *See Groendyke Transp.*, 406 F.2d at 1162. That Brown has served over 48 months of imprisonment where his guideline range without the enhancement would have been 30 to 37 months of imprisonment weighs heavily in favor of remanding this matter expeditiously. *See id.* We grant Brown's motion for summary disposition.

We **VACATE** and **REMAND** for resentencing.